SHERRY P. BRODER #1880
Davies Pacific Center, Suite 800
841 Bishop Street
Honolulu, Hawaii 96813
Telephone No: (808) 531-1411
Fax No: (808) 531-8411
sherrybroder@sherrybroder.com

JON M. VAN DYKE #1896
2515 Dole Street
Honolulu, Hawaii 96813
Telephone No: (808) 956-8509
jvandyke@hawaii.edu

MELODY K. MacKENZIE #1799
2515 Dole Street
Honolulu, Hawaii 96813
Telephone No: (808) 956-0828
mkmacken@hawaii.edu

Attorneys for Office of Hawaiian Affairs Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| ARAKAKI, et al.<br>　　　　Plaintiffs,<br><br>　vs.<br><br>LINGLE, et al.<br>　　　　Defendants. | ) CIVIL NO. 02-00139 SOM-KSC<br>) (Declaratory Judgment)<br>)<br>) OFFICE OF HAWAIIAN AFFAIRS<br>) DEFENDANTS STATEMENT OF NO<br>) ISSUES REMAINING<br>)<br>)<br>) |

**OFFICE OF HAWAIIAN AFFAIRS DEFENDANTS STATEMENT OF NO**
**ISSUES REMAINING**

1

**I.     NO ISSUES REMAIN FOR THIS COURT'S ADJUDICATION.**

This memorandum responds to the Court's request for the statements of the parties on whether there are issues that remain for this Honorable Court's adjudication.  The OHA Defendants submit that no issues remain for this court's adjudication.

The Plaintiffs brought this case in their capacity as taxpayers, and the appellate courts have ruled explicitly that taxpayers do not have the authority to challenge any of the expenditure programs of the Office of Hawaiian Affairs (OHA) and their Complaint must now be dismissed in its entirety.

The U.S. Supreme Court concluded in *DaimlerChrysler Corp. v. Cuno*, 547 U.S.–, 126 S.Ct. 1854 (2006), that the Ninth Circuit's rulings on taxpayer standing in *Hoohuli v. Ariyoshi,* 741 F.2d 1169 (9th Cir. 1984)*,* and its progeny, are not consistent with the constitutional requirements of Article III.  The Ninth Circuit then issued an opinion on February 9, 2007 holding "that Plaintiffs, as state taxpayers, lack standing to bring a suit claiming that the OHA programs that are funded by state tax revenue violate the Equal Protection Clause of the Fourteenth Amendment." *Arakaki v. Lingle,* 477 F.3d 1048, 1053, slip op. at 1581 (9th Cir. 2007).  The appellate court also confirmed its earlier rulings that Plaintiffs have no "standing to challenge the settlement of past claims against OHA" or "to challenge

all other spending that does not originate in tax revenue." 477 F.3d at 1069-70, slip op. at 1610. The Ninth Circuit then remanded the case back to this Court "for further proceedings," explaining that "[a]lthough it appears to us that there are no plaintiffs who have standing to challenge the OHA funding, we are unwilling to make that final judgment on this record before us." 477 F.3d at 1065, slip op. at 1601.

The Plaintiffs also alleged trust beneficiary standing which was denied by the District Court and the Ninth Circuit. Thereafter the Plaintiffs filed a Conditional Cross-Petition for a Writ of Certiorari to the Supreme Court on the issue of whether they had "standing as beneficiaries of Hawaii's ceded lands trust: to challenge federal laws which require the present trustee (State of Hawaii) to breach its fiduciaries duties (i.e. the duty of impartiality and the duty not to comply with illegal trust terms): and to sue Hawaii state officials to enjoin them from breaching the same fiduciary duties." (See Questions Presented, No. 1, *Arakaki v. Lingle*, 2006 WL 558420 at i). The District Court had dismissed this claim as not alleging a breach of trust. The Plaintiffs Conditional Cross-Petition was denied by the Supreme Court (*Arakaki v. Lingle*, 125 S. Ct. 2861(2007)). The Ninth Circuit subsequently ruled again and found that the United States would be an indispensable party and the Plaintiffs could not demonstrate standing to sue an

3

indispensable party. (*Arakaki v. Lingle*, 477 F. 3d 1048, 1066 (9th Cir. 2007)). Thus the claim of trust beneficiary standing has been already conclusively and unequivocally rejected by the federal courts.

**II.    TAXPAYERS WHO CLAIM THEY HAVE BEEN INJURED BECAUSE AN ALLEGED DENIAL OF EQUAL TREATMENT CAUSES INJURY TO THEIR POCKETBOOKS ARE STILL TAXPAYERS AND HAVE NO STANDING TO CHALLENGE STATE EXPENDITURES.**

In some of their filings, the Plaintiffs have argued that they are not "simply taxpayers" and are entitled to standing because they are claiming a "good-faith pocketbook" injury, using language from *Doremus v. Board of Education,* 342 U.S. 429, 434 (1952).  But in his opinion for the Court in *DaimlerChrysler Corp. v. Cuno*, 547 U.S.–, 126 S.Ct. 1854 (2006), Chief Justice Roberts quoted directly from *Doremus* to demonstrate that it provided no new or separate grounds for taxpayer standing.  The *DaimlerChrysler* opinion noted (126 S.Ct. at 1863) that *Doremus* included the language in *Frothingham v. Mellon*, 262 U.S. 447 (1923) that "[t]he [taxpayer] must be able to show...that he has sustained...some direct injury...and not merely that he suffers in some indefinite way in common with people generally." *Doremus,* 342 U.S. at 434 (*quoting from Frothingham,* 262 U.S. at 488).

In that same paragraph, Chief Justice Roberts also quoted from Justice

Kennedy's plurality opinion in *ASARCO Inc. v. Kadish,* 490 U.S. 605, 614 (1989)*,* where Justice Kennedy cited *Doremus* for the proposition that "'we have likened state taxpayers to federal taxpayers' for purposes of taxpayer standing." *ASARCO*, 490 U.S. at 613-14 (*citing Doremus*, 342 U.S. at 434). The *DaimlerChrysler* opinion provides no support whatsoever for the view that taxpayers can gain standing by linking their taxpayer status to their claims on the merits.[1]

## III. CONCLUSION.

The Supreme Court's *DaimlerChrysler* opinion focused on the requirement that a federal-court plaintiff must have a "concrete and particularized" injury, not one that the plaintiff "suffers in some indefinite way in common with people generally." 126 S.Ct. at 1862. The *Carroll* opinion rested on this concern and explained repeatedly that federal courts should not provide forums to persons

---

[1] The belated declaration filed by Plaintiff Donna Maria Scaff on December 3, 2003, Excerpt of Record (EOR), Vol. II, 8 at 6, asserting in vague and general terms that she is "able and ready" to apply for OHA funds does not meet the requirements to establish standing, because Ms. Scaff was dismissed as a Plaintiff on January 13, 2004 by this Honorable Court (on the ground that her Hawaiian ancestry would give her access to the programs that she seeks to participate in), EOR, Vol. II, 27 at 1-7; because this dismissal was not appealed by Plaintiffs; because her declaration is inconsistent with Plaintiffs' Complaint (which challenged "the appropriate of state tax revenue based on their status as state taxpayers, and...the appropriation of trust revenue to OHA based on their alleged status as trust beneficiaries," 477 F.3d. at 1061, slip op. at 1595); and because its vague assertions are insufficient to establish a judicially cognizable injury.

airing generalized political grievances who are not able to demonstrate particularized individual injuries. *See, e.g., Carroll,* 342 F.3d at 940, 941-41, 943, 946, 947. The Plaintiffs in this lawsuit have made no attempt to allege any personal injuries whatsoever. Theirs is a purely political grievance which should, in a democracy, be addressed and resolved through the legislative process. They thus lack standing to proceed with their lawsuit. For the reasons stated above, no issues remain for this Court's adjudication, and Plaintiffs' Complaint must now be dismissed in its entirety.

DATED: Honolulu, Hawaii, April 9, 2007.

/s/ Sherry P. Broder
SHERRY P. BRODER
JON M. VAN DYKE
MELODY K. MacKENZIE
Attorneys for the OHA Defendants