ORIGINAL

H. WILLIAM BURGESS #833
2299C Round Top Drive
Honolulu, Hawai`i 96822
Telephone:(808) 947-3234
Fax:       (808) 947-5822
Email: hwburgess@hawaii.rr.com
Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 9 2007

at 3 o'clock and 25 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EARL F. ARAKAKI, et al.,<br>    Plaintiffs,<br>  v.<br><br>LINDA LINGLE, et al.,<br>    State Defendants,<br><br>HAUNANI APOLIONA, et al.,<br>    OHA Defendants,<br><br>MICAH A. KANE, et al.,<br>    HHCA/DHHL Defendants,<br><br>THE UNITED STATES OF<br>AMERICA, and JOHN DOES 1<br>through 10,<br>    Defendants.<br><br>STATE COUNCIL OF HAWAIIAN<br>HOMESTEAD ASSOCIATION and<br>ANTHONY SANG, SR.,<br>    Defendant/Intervenors,<br><br>HUI KAKO'O'AINA<br>HO'OPULAPULA, BLOSSOM<br>FEITEIRA AND DUTCH SAFFERY,<br>    Defendant/Intervenors. | CIVIL NO. 02-00139 SOM/KSC<br><br>**PLAINTIFFS' STATEMENT OF ISSUES REMAINING FOR THIS COURT'S ADJUDICATION** |

## PLAINTIFFS' STATEMENT OF ISSUES REMAINING FOR THIS COURT'S ADJUDICATION

### 1. INTRODUCTION

Pursuant to the minute order of March 16, 2007, Plaintiffs hereby state the following issues remain for this Court's adjudication:

### 2. THE ISSUE OF THE HARM TO PLAINTIFFS AS MUNICIPAL TAXPAYERS CAUSED BY THE EXEMPTION OF HAWAIIAN HOMESTEADERS FROM REAL PROPERTY TAXES.

This issue is raised in Paragraph 62(c) of the Complaint filed March 4, 2002.

> c. **The exemption of Homestead lots from real property taxes also harms Plaintiffs as taxpayers.** The City and County of Honolulu and the County of Maui both exempt Hawaiian Homesteads from paying real property taxes. To be awarded a Hawaiian Homestead one must be native Hawaiian or the child of a native Hawaiian Homesteader. As a result of this racially discriminatory tax exemption, taxes imposed on the owners of other property, including every Plaintiff, in order to pay the costs of the government are higher than they otherwise would be.

When *Hoohuli* was the Ninth Circuit's leading case on state taxpayer standing, it was not significant to Plaintiffs' suit to join the counties. Doing so would have been wasteful of time and money and, since Plaintiffs sought no damages, would have added nothing to the declaratory and injunctive relief Plaintiffs sought. Now that the Ninth Circuit has said that *DaimlerChrysler* effectively overrules *Hoohuli*, *Arakaki v. Lingle* 477 F.3d 1048, 1061 (9th Cir. 2007), Plaintiffs will promptly move for leave to amend the complaint to join the

counties and join municipal taxpayers[1] from each county not already covered by present plaintiffs, along with other amendments.

Under Rule 15(a) Fed.R.Civ.P. leave to amend pleadings shall be freely given when justice requires.

> Our analysis would not be complete without recognizing the strong policy favoring leave to amend. In dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal citations omitted).

*Knevelbaard Dairies v. Kraft Foods, Inc.* 232 F.3d 979, 997 (9th Cir. 2000)

**3.   THE ISSUE OF PLAINTIFFS' STANDING AS STATE TAXPAYERS ALSO REMAINS TO BE ADJUDICATED.**

> In sum, we hold that these "state taxpayers have no standing under Article III to challenge [Hawaii] state tax or spending decision simply by virtue of their status as taxpayers." *DaimlerChrysler*, 126 S.Ct. at 1864. Although it appears to us that there are no plaintiffs who have standing to challenge the OHA funding, we are unwilling to make that final judgment on this record before us. Accordingly, we remand to the district court for further proceedings.

*Arakaki v. Lingle* 477 F.3d 1048, 1065 (9th Cir. 2007)

Thus, the Ninth Circuit quoted the precise language of *DaimlerChrysler* and noted what *appears* to it, but expressly declined to make that final judgment on the

---

[1] This Court has noted with approval the standing of municipal taxpayers to enjoin the illegal use of a municipal corporation's funds. See, *e.g., Frothingham, supra,* at 486-487, 43 S.Ct. 597. *DaimlerChrysler Corp. v. Cuno* 126 S.Ct. 1854, *1857 (U.S.,2006)

record before it, which is the same record now before this court. It is, after all, a question of fact whether these Plaintiffs are suing "simply by virtue of their status as taxpayers." Plaintiffs vigorously maintain the answer to that question is "No." It is not simply the *taxing* which plaintiffs protest; it is the taxing and *spending* using a racial classification that injures Plaintiffs. If the State of Hawaii offers a tax credit to attract high tech industry to Hawaii (as it does) state taxpayers, simply by virtue of their status as taxpayers, for the reasons so clearly stated in *DaimlerChrysler*, would not be able to have this federal court second-guess that fiscal decision. By contrast with *DaimlerChrysler*, Plaintiffs here complain that the federal, state and local governments, in allocating public lands, money and benefits, deny them, solely on racial grounds, their equal share of those lands, money and benefits. That race discrimination encroaches on each Plaintiff's right to the equal protection of the laws expressly stipulated for in the Constitution. Protecting those rights is one of the things federal courts are for.

    The injury caused by the use of those invidious racial classifications is nowhere more vividly shown than by the money gushing out of the State treasury exclusively for the small group of about 30,000 people who are "native Hawaiians" ("descendants of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778"). As will be seen more clearly when Plaintiffs file their motion for leave to amend, Plaintiffs, for themselves and others similarly

situated, have applied for and demanded concurrent payments equivalent in amount per capita, exclusively for "non-native Hawaiians."

The Ninth Circuit remanded "to the district court for further proceedings." Those further proceedings certainly include deciding, either by trial or summary judgment, the merits of Plaintiffs' claims as municipal taxpayers and whether these Plaintiffs "challenge [Hawaii] state tax or spending decision simply by virtue of their status as taxpayers." If this Court determines, as Plaintiffs believe it must, that it is the illegal *spending* for OHA that motivates Plaintiffs, the next order of business would be to determine that claim on the merits as well.

4.   **ALL DECISIONS ARE SUBJECT TO REVISION.**

Under Rule 54(b) F.R.Civ.P., in the absence of an express determination and direction of finality, any order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, is "subject to revision at any time before the entry of" final judgment.

The holding that the 1959 Admission Act and Compact (in which the United States and the State of Hawaii agreed to carry out the explicitly racial HHCA in violation of both the Constitution and their fiduciary duties under federal trust law) in effect immunizes either of them from liability, cannot, at least in Plaintiffs' view, stand. Plaintiffs intend to pursue it until it is corrected.

**5. CONCLUSION**

Plaintiffs respectfully ask the Court to reserve judgment on the issues remaining until it has ruled on Plaintiffs' motion for leave to file an amended complaint. Plaintiffs have the amended complaint in draft form. As with the original complaint (which the Ninth Circuit said, "squarely and exclusively raise[s] a Fourteenth Amendment claim") it is lengthy and needs to be carefully reviewed. Plaintiffs expect to file the motion for leave within two weeks.

DATED: Honolulu, Hawaii, April 9, 2007.

_____
H. WILLIAM BURGESS
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date set forth below, the foregoing document(s) will be duly served upon the following parties via process server, facsimile, hand delivery, U.S. Mail or certified U.S. Mail, postage prepaid.

MARK J. BENNETT, ESQ.
CHARLEEN M. AINA, ESQ.
GIRARD D. LAU, ESQ.
Dept. of Attorney General
State of Hawaii
425 Queen Street
Honolulu, Hawai`i  96813

Attorneys for State Defendants,
AND HHCA/DHHL DEFENDANTS


SHERRY P. BRODER, ESQ.
JON VAN DYKE, ESQ.
MELODY K. MACKENZIE, ESQ.
841 Bishop Street, Suite 800
Honolulu, Hawai`i 96813

Attorney for Defendant
Trustees of the Office of Hawaiian Affairs

ROBERT G. KLEIN, ESQ.
BECKY T. CHESTNUT, ESQ.
Five Waterfront Plaza, Suite 400
500 Ala Moana Boulevard
Honolulu, Hawaii 96813

Attorney for Defendant-Intervenor SCHHA

EDWARD H. KUBO, JR., ESQ.
HARRY YEE, ESQ.
Office of the United States Attorney
PJKK Federal Building
300 Ala Moana Blvd. Suite 6100
Honolulu, Hawaii  96850

Attorneys for Defendant,
United States of America

ELLEN J. DURKEE, ESQ.
STEVEN MISKINIS, ESQ.
AARON P. AVILA, ESQ.
U.S. Department of Justice
Environmental & Natural Resources
Division, Appellate Section
P.O. Box 2795 (L'Enfant Station)
Washington, D.C. 20026

Attorney for Defendant,
United States of America


YUKLIN ALULI, ESQ.
415-C Uluniu Street
Kailua, Hawaii 96734

Attorneys for Defendant-Intervenors

Dated: Honolulu, Hawaii this 9th day of April, 2007.

H. WILLIAM BURGESS
Attorney for Plaintiffs