ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 9 2007

at __1__ o'clock and __10__ min __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EARL F. ARAKAKI, et al., | D.C. No. CV-02-00139 SOM/KSC |
| Plaintiffs, | District of Hawaii |
| vs. | |
| LINDA LINGLE, in her official capacity as GOVERNOR OF THE STATE OF HAWAII, et al., et al., | STATE DEFENDANTS AND HHCA/DHHL DEFENDANTS' MEMORANDUM REGARDING ISSUES REMAINING FOR ADJUDICATION; CERTIFICATE OF SERVICE |
| State Defendants, | |
| HAUNANI APOLIONA, et al., | |
| OHA Defendants, | |
| MICAH KANE, et. al., | |
| HHCA/DHHL Defendants, | |
| THE UNITED STATES OF AMERICA, and JOHN DOES 1-10 | |
| Defendants, | |
| STATE COUNCIL OF HAWAIIAN HOMESTEAD ASSOCIATIONS, and ANTHONY SANG, SR., | |
| SCHAA Defendants/ Intervenors, | |
| HUI KAKO'O'AINA HO'OPULAPULA, BLOSSOM | |

```
FEITEIRA and DUTCH SAFFERY,  )
                              )
      HUI Defendants/         )
      Intervenors.            )
                              )
_____)
```

STATE DEFENDANTS AND HHCA/DHHL DEFENDANTS'
MEMORANDUM REGARDING ISSUES REMAINING FOR ADJUDICATION

MARK J. BENNETT  2672
Attorney General of Hawaii

GIRARD D. LAU  3711
CHARLEEN M. AINA  1899
Deputy Attorneys General
State of Hawaii
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii  96813
(808) 586-1360  Fax:  (808) 586-1237
email: girard.d.lau@hawaii.gov, charleen.m.aina@hawaii.gov

Attorneys for State Defendants
and HHCA/DHHL Defendants

This memorandum is filed pursuant to this Court's order directing the parties "to file memoranda stating whether there are issues that remain for this court's adjudication." The Ninth Circuit's decision of February 9, 2007, rejected all of plaintiffs' asserted bases for standing, and thus plaintiffs' lawsuit must be dismissed for lack of Article III standing. See Arakaki v. Lingle, 477 F.3d 1048, 1053, 1069-70 (9th Cir. 2007). Accordingly, there should be no issues remaining for this Court's adjudication. Nevertheless, the Ninth Circuit, perhaps out of an abundance of caution, remanded to this Court for further proceedings for it to verify that there were no other bases for plaintiffs' standing. The Court stated:

> Although it is not clear that any Plaintiffs have standing in any other capacity to challenge the OHA programs, we remand to the district court for further proceedings.

477 F.3d at 1053. The Ninth Circuit made its belief that plaintiffs have no standing even clearer later in the opinion, saying:

> Although <u>it appears to us that there are no plaintiffs who have standing to challenge the OHA funding</u>, we are unwilling to make that final judgment on this record before us. Accordingly, we remand to the district court for further proceedings.

477 F.3d at 1065. Therefore, the only issue that remains for this Court to decide is whether plaintiffs have any <u>other</u> bases for standing. That issue, however, can and should be summarily resolved against plaintiffs' standing.

Plaintiffs only asserted two bases for their standing: 1) trust beneficiary standing, and 2) taxpayer standing, and the Ninth Circuit rejected both theories.

See 477 F.3d at 1056 ("Plaintiffs claim standing to challenge the **DHHL/HHC** leases as land trust beneficiaries, and as state taxpayers. We find that neither theory confers standing to challenge the lease requirements or the appropriation of state revenue in support thereof."); 477 F.3d at 1061 ("As with DHHL/HHC, Plaintiffs allege two theories of standing to challenge **OHA**: they challenge the appropriation of state tax revenue based on their status as state taxpayers, and they challenge the appropriation of trust revenue to OHA based on their alleged status as trust beneficiaries. . . . . We conclude that *DaimlerChrysler* effectively overrules *Hoohuli*, and Plaintiffs, accordingly, do not have standing as state taxpayers to challenge the appropriation of state revenue to OHA. . . . . Finally, we conclude . . . that Plaintiffs cannot prevail on their trust beneficiary theory of standing . . . ."). Thus, the Ninth Circuit itself saw that plaintiffs asserted only two bases for plaintiffs' standing, and it rejected both theories.

Plaintiffs' complaint confirms that these two theories, now rejected, were the only bases asserted by plaintiffs. See Complaint at ¶9 ("Each and every Plaintiff has a material financial interest in the subject matter of this action **as a taxpaying citizen** of the State of Hawaii and the United States and as **a beneficiary of the public land trust** created in 1898 . . . ."). Consequently, because the only two theories of standing presented by plaintiffs have been flatly rejected by the Ninth Circuit, and plaintiffs have raised no other theory of standing throughout this entire

2

litigation,[1] much less presented any evidence to support any alternative theory of standing, the only thing left for this Court to do is to enter a dismissal of plaintiffs' entire lawsuit.

      DATED: Honolulu, Hawaii, April 9, 2007.

                              MARK J. BENNETT
                              Attorney General of Hawaii

                              */s/ Girard D. Lau*
                              GIRARD D. LAU
                              CHARLEEN M. AINA
                              Deputy Attorneys General
                              Attorneys for State Defendants
                              and HHCA/DHHL Defendants

---

[1] The Ninth Circuit flatly rejected any "creative" attempt by Plaintiffs to get around DaimlerChrysler, stating:

> Plaintiffs maintain that because they "are required to pay taxes to support racial discrimination against themselves," they suffer a particularized injury that "is not shared by people in general or by Hawaii state taxpayers generally, but only by [taxpayers] . . . who lack the favored [native-Hawaiian] ancestry" and [cannot] benefit from OHA programs. But Plaintiffs do not allege that they have suffered any harm apart from the fact that they are taxpayers and do not like OHA's programs. Plaintiffs' argument, taken to its logical conclusion, would significantly expand state taxpayer Article III standing by allowing a taxpayer to challenge any governmental expenditure he does not like and for which he has not applied. . . . We . . . reject Plaintiffs' contention that they suffer a particularized injury.

477 F.3d at 1063. Plaintiffs recently and belatedly sent a letter to Governor Lingle asking that the state government disburse to some of their clients "concurrent payments equal, on a per capita basis, to all disbursements of public funds exclusively for 'native Hawaiians' and 'Hawaiians' under federal, state, and local laws in Hawaii." This appears to be just another similar, yet equally baseless, attempt to do an end run around DaimlerChrysler's clear rejection of taxpayer standing.

CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing was duly served on each of the following persons by depositing the same in the U.S. mails, first class postage prepaid, on April 9, 2007:

H. William Burgess
2299-C Round Top Drive
Honolulu, Hawaii 96822

Sherry P. Broder
Attorney at Law
Davies Pacific Center
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813

Harry Yee, Esq.
Edward H. Kubo, Jr., Esq.
Office of the United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Suite 6-100
Honolulu, Hawaii 96850

Robert G. Klein
Becky Chestnut
Philip W. Miyoshi
McCorriston Miller Mukai MacKinnon
Five Waterfront Plaza, 4th Flr
Honolulu, Hawaii 96813

Yuklin Aluli, Esq.
415-C Uluniu Street
Kailua, Hawaii 96734

Aaron P. Avila, Esq.
U.S. Department of Justice
Environment and Natural
Resources Division,
Appellate Section
P.O. Box 23795 (L'Enfant Plaza Station)
Washington, D.C. 20026

DATED: Honolulu, Hawaii, April 9, 2007.

*[signature]*
GIRARD D. LAU
CHARLEEN M. AINA
Deputy Attorneys General
Attorneys for State Defendants
and HHCA/DHHL Defendants