IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EARL F. ARAKAKI; EVELYN C. ARAKAKI; EDWARD U. BUGARIN; SANDRA PUANANI BURGESS; PATRICIA A. CARROLL; ROBERT M. CHAPMAN; BRIAN L. CLARKE; MICHAEL Y. GARCIA; ROGER GRANTHAM; TOBY M. KRAVET; JAMES I. KUROIWA, JR.; FRANCES M. NICHOLS; DONNA MALIA SCAFF; JACK H. SCAFF; ALLEN H. TESHIMA; THURSTON TWIGG-SMITH, <br><br>        Plaintiffs, <br><br>        vs. <br><br>LINDA LINGLE, in her official capacity as GOVERNOR OF THE STATE OF HAWAI`I; GEORGINA KAWAMURA, in her official capacity as DIRECTOR OF THE DEPARTMENT OF BUDGET AND FINANCE; RUSS SAITO, in his official capacity as COMPTROLLER and DIRECTOR OF THE DEPARTMENT OF ACCOUNTING AND GENERAL SERVICES; PETER YOUNG, in his official capacity as CHAIRMAN OF THE BOARD OF LAND AND NATURAL RESOURCES; SANDRA LEE KUNIMOTO, in her official capacity as DIRECTOR OF THE DEPARTMENT OF AGRICULTURE; TED LIU, in his official capacity as DIRECTOR OF THE DEPARTMENT OF BUSINESS, ECONOMIC DEVELOPMENT AND TOURISM; RODNEY HARAGA, in his official capacity as DIRECTOR OF THE DEPARTMENT OF TRANSPORTATION, <br><br>        State Defendants, | CIVIL NO. 02-00139 SOM/KSC <br><br> ORDER STATING THAT NO PLAINTIFFS HAVE STANDING TO CHALLENGE OHA FUNDING |

```
HAUNANI APOLIONA, Chairperson;     )
and ROWENA AKANA; DONALD B.        )
CATALUNA; LINDA DELA CRUZ; DANTE   )
CARPENTER; COLETTE Y. P.           )
MACHADO; BOYD P. MOSSMAN; OSWALD   )
STENDER; and JOHN D. WAIHE`E,      )
IV; in their official capacities   )
as trustees of the Office of       )
Hawaiian Affairs,                  )
                                   )
        OHA Defendants,            )
                                   )
MICAH KANE, Chairman; and WONDA    )
MAE AGPALSA; HENRY CHO; THOMAS     )
P. CONTRADES; QUENTIN              )
KAWANANAKOA; HERRING K KALUA;      )
MILTON PA; and JOHN A.H. TOMOSO,   )
in their official capacities as    )
members of the Hawaiian Homes      )
Commission,                        )
                                   )
        HHC/DHHL Defendants,       )
                                   )
JOHN DOES, 1 THROUGH 10,           )
                                   )
        Defendants,                )
                                   )
STATE COUNCIL OF HAWAIIAN          )
HOMESTEAD ASSOCIATION; ANTHONY     )
SANG, SR.,                         )
                                   )
        Defendant/Intervenors,     )
                                   )
HUI KAKO`O`AINA HO`OPULAPULA;      )
BLOSSOM FEITEIRA; and DUTCH        )
SAFFERY,                           )
                                   )
        Defendant/Intervenors.     )
_____  )
```

## ORDER STATING THAT NO PLAINTIFFS HAVE STANDING TO CHALLENGE OHA FUNDING

In <u>Arakaki v. Lingle</u>, 477 F.3d 1048, 1065 (9th Cir. 2007), the Ninth Circuit said, "Although it appears to us that there are no plaintiffs who have standing to challenge the OHA

2

funding, we are unwilling to make that final judgment on this record before us.  Accordingly, we remand to the district court for further proceedings."  On remand, this court invited written submissions from the parties stating whether there were issues remaining for this court's adjudication.  Having reviewed the parties' submissions, and having held an on-the-record conference to address those submissions, this court determines that there are no such issues, as no plaintiff has standing to challenge OHA funding.

Plaintiffs argue that they have standing to attack the spending of state revenue by OHA, even if they are without standing to challenge the State of Hawaii's exercise of its tax collection powers.  This argument is foreclosed by the law of the case.  The Ninth Circuit has stated:  "In sum, we hold that these 'state taxpayers have no standing under Article III to challenge (Hawaii) state tax or spending decision simply by virtue of their status as taxpayers.'  DaimlerChrysler, 126 S. Ct. at 1864."  Arakaki, 477 at 1065.

It is not this court's understanding that this court was required to wait for any particular motion to be brought before making the above determination, or that a new or amended judgment is appropriate under the circumstances.  Instead, the present order is the extent of what the court understands to be required of it on remand.

Plaintiffs also argue that they should be allowed to amend their complaint to add municipalities as parties.  The basis for such a proposed amendment, as set forth in Plaintiffs' previously filed written submission, is unpersuasive to this court, and this court indicated during the on-the-record conference that the motion to add parties, as described by Plaintiffs, would be denied.  Nevertheless, to preserve their record, Plaintiffs may file, no later than April 30, 2007, a motion seeking leave to file an amendment.  Such a motion should be directed to this judge, not, as would be typical, to the magistrate judge.  This judge may decide any such motion without a hearing.  See Local Rule 7.2(d) ("The court, in its discretion, may decide any motion without a hearing.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; April 16, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Arakaki, et al. v. Lingle, et al., Civil No. 02-00139 SOM/KSC; ORDER STATING THAT NO PLAINTIFFS HAVE STANDING TO CHALLENGE OHA FUNDING