## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

Rule 15 (a) F.R.Civ,P. provides that leave to amend "shall be freely given when justice so requires."

> However, unlike amendments as of course, amendments under the second portion of subdivision (a) may be made at any stage of the litigation.[FN11] The only prerequisites are that the district court have jurisdiction over the case and an appeal must not be pending.[FN12] If these two conditions have been satisfied the court will proceed to examine the effect and the timing of the proposed amendments to determine whether they would prejudice the rights of any of the other parties to the suit.[FN13] If no prejudice is found, then leave normally will be granted.[FN13.1]

6 Federal Practice and Procedure, Wright and Miller § 1484

The Ninth Circuit has stated it even more forcefully:

Our analysis would not be complete without recognizing the strong policy favoring leave to amend. In dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal citations omitted).

*Knevelbaard Dairies v. Kraft Foods, Inc.* 232 F.3d 979, 997 (9th Cir. 2000)

Thus, the standard is whether the pleading can possibly be cured by the allegation of other facts. As to the proposed new Count I, the only possible answer is yes, any defect can easily be cured by rewording. The complaint as filed March 2002 at paragraph 62(c) alleges that "The exemption of Homestead lots from real property taxes also harms Plaintiffs as taxpayers." That language unambiguously put the present Defendants on notice that Plaintiffs were seeking redress for being deprived of the real property tax exemption. They can not

claim surprise or prejudice or even any possible monetary loss since they do not collect real property taxes.

As to joining the counties as defendants, Rule 19 is couched in mandatory terms: A person who is subject to service and whose joinder will not deprive the court of jurisdiction "shall be joined as a party" if "in the person's absence complete relief cannot be accorded among those already parties."

As to the proposed rewordings of Counts II and III, the same plaintiffs are still seeking the same redress from the same defendants arising out of the same nucleus of facts. The arguments and theories are somewhat revised but, the rules do not and could not prevent the court from being exposed to other theories and, if they are valid, justice requires that they be adopted by the court. In Sherman v. Hallbauer, C.A.5th, 1972, 455 F.2d 1236, plaintiffs switched the legal theory on which they based their case in their memorandum in opposition to summary judgment. The court granted summary judgment for defendant on the basis of the theory set forth in the original complaint. The appellate court reversed stating that the summary judgment memorandum should have been construed as a motion to amend the pleadings and since it presented a strong theory supporting plaintiffs' case, summary judgment should not have been entered.

Fed. R. Civ. P. Rule 54(c) provides in relevant part, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings. There can be no dispute that plaintiffs state a valid claim for relief from the racially discriminatory real property tax exemption. That relief can be granted by enjoining the counties to give the same exemption to Plaintiffs and all others similarly situated or to give it to no one.

As to Count II the Plaintiffs did not and do not complain merely by virtue of paying taxes. The gravamen of much of the complaint is in the biased way the government *spends* its tax money and allocates other public property. Giving tax credits to attract new business is not illegal. Racial discrimination is, unless it passes strict scrutiny. *DaimlerChrysler* did not repeal the Fifth or Fourteenth Amendments or the civil rights laws forbidding race discrimination. The court should, at a minimum, permit Plaintiffs to present evidence and full briefing before entering a final judgment.

As to Count III, *DaimlerChrysler* has no effect since federal trust law was in no way involved. The Ninth Circuit did not adopt this court's trust theory (that beneficiaries only have standing to challenge mismanagement, and not to challenge partiality or compliance with illegal trust terms) but based its affirmance on the fact that Plaintiffs do not have standing to sue the U.S. because the U.S. is no longer the trustee. The amended complaint specifically alleges what has always been true, that the U.S. and the State and the counties or their respective officials are engaged in a mutual plan that unlawfully deprives Plaintiffs and others similarly situated, on racial grounds, of their rights as trust beneficiaries and as taxpayers and threatens to deprive them of their sovereignty as citizens.

Plaintiffs respectfully ask the court to allow Plaintiffs to file an amended complaint substantially in the form attached hereto and give the claims therein full and just hearing.

Dated: Honolulu, Hawaii this 30th day of April, 2007.

H. WILLIAM BURGESS
Attorney for Plaintiffs