IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EARL F. ARAKAKI, et al., | ) | CIVIL NO. 02-00139 SOM/KSC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER DENYING PLAINTIFFS' |
| vs. | ) | MOTION FOR LEAVE TO AMEND |
| | ) | COMPLAINT |
| LINDA LINGLE in her official | ) | |
| capacity as GOVERNOR OF THE | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

      Plaintiffs originally filed the Complaint in this matter over five years ago.  Since that time, there have been nearly four-hundred items docketed in this case.  The court has reviewed the 62-page docket sheet and notes that there have been approximately two-dozen orders addressing substantive issues.  Ultimately, Plaintiffs' Complaint was dismissed after numerous highly contested motions.  Plaintiffs were also unsuccessful on appeal.

      On April 30, 2007, Plaintiffs filed a motion to amend their Complaint.  Although Plaintiffs say they are seeking to "amend" their Complaint, Plaintiffs are really seeking to relitigate matters already addressed by this court and the appellate court system.  Plaintiffs also seek to challenge a real property Homestead exemption, claiming that Defendants were on notice that Plaintiffs were challenging this exemption because paragraph 62(c) of the original Complaint alleges that the

exemption harms Plaintiffs as taxpayers. Plaintiffs' motion to amend their Complaint is denied without a hearing pursuant to Local Rule 7.2(d).

        The court recognizes that, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." However, justice requires the denial of Plaintiffs' motion to amend their Complaint. After five years of contentious litigation, Plaintiffs seek to add various officials from the four counties in the State of Hawaii to this lawsuit. These municipal officials were not parties to the original Complaint. Allowing such an amendment would therefore severely prejudice these municipal officials by forcing them to become intimately familiar with over five years of contentious litigation. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) ("a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile").

        This order does not foreclose Plaintiffs from filing a new case under a different civil number. Of course, any such case will be randomly assigned to a judge in this district. The court understands that Plaintiffs may seek to appeal the denial of their motion to amend their Complaint. Although Plaintiffs

have a right to file such an appeal, Plaintiffs should consider whether they can receive a quicker determination of the merits of their proposed claims by filing a new case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, May 1, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Arakaki, et al. v. Lingle, et al., Civil No. 02-00139 SOM/KSC; ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT